UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTONIO MARQUES SMITH,

                      Plaintiff,

v.                                                  Case No. 17-cv-668-pp

DAVID CLARKE, LT. TURNER,
D. SMITH, DEPUTY SOLCUM,
DEPUTY CARR, AND DEPUTY ZETTING,

                      Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 5) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

The plaintiff, a Wisconsin state prisoner who is representing himself, filed this lawsuit under 42 U.S.C. §1983, dkt. no. 1, along with a motion for leave to proceed without prepayment of the filing fee, dkt. no. 5. This order resolves the motion and screens the complaint.

**I.    Motion for Leave to Proceed without Prepayment of the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b).

On May 15, 2017, the court ordered the plaintiff to pay an initial partial filing fee of $17.17. Dkt. No. 4. The plaintiff paid that fee on June 5, 2017.

1

Accordingly, the court will grant the plaintiff's motion. The court will require the plaintiff to pay the remainder of the filing fee over time as set forth at the end of this decision.

## II. Screening the Plaintiff's Complaint

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.(citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v.

Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

  A. The Plaintiff's Allegations

The plaintiff was confined at the Milwaukee County Jail at all times relevant to his complaint allegations. Dkt. No. 1 at 1. He has sued former Milwaukee County Sheriff David Clarke, Lieutenant Turner and Deputies D. Smith, Solcum, Carr and Zetting. Id.

The plaintiff alleges that on January 18, 2016, Lieutenant Turner and several deputies came to his jail cell to search it. Id. at 3-4. He says he initially refused to allow them to search the cell, but then complied. Id. at 4. The plaintiff says that he "was placed in handcuffs and then a bull strap, and that he was restrained to the door; he says that Deputy Zetting and several other deputies were present when he was taken from the cell. Id. at 4. The plaintiff indicates that Zetting took hold of his arm, while Deputy Seel (who is not a defendant) conducted a pat-search of the plaintiff; Deputy Seel alleged that he felt a foreign object concealed in the plaintiff's genital area. Id. The plaintiff denied that there were any foreign objects inside of his underwear. Id.

Lieutenant Turner radioed for additional deputies to respond to the area, and defendants Solcum, D. Smith and Carr responded to the pod. Id. When they arrived, Deputy Solcum took the plaintiff's right arm, Deputy D. Smith stood behind the plaintiff, and Deputy Zetting still had him by the left arm. Id. Deputy D. Smith performed another pat search of the plaintiff and during the search he grabbed the plaintiff's testicles very roughly, squeezing them hard.

3

Id. The plaintiff told Smith that "he could not be squeezing" the plaintiff's testicles and that it hurt. Id. at 5.

Deputy Smith told Lieutenant Turner that Smith couldn't feel anything, and speculated that he thought the plaintiff was holding the foreign object in his hands. Id. Deputy Solcum grabbed the plaintiff's fingers and roughly bent them backward, causing the plaintiff to yell out in pain. Id. He asked Solcum not to bend his fingers back so far, stating that it felt like Solcum was breaking his fingers. Id. Solcom told Smith, "go again, I have his fingers pulled back." Id. Smith conducted another pat search, roughly grabbing and squeezing the plaintiff's testicles and causing the plaintiff to flinch. Id. Again, the plaintiff yelled at Smith to release him, which caused Smith to yank harder before releasing the plaintiff. Id. Smith then stood up and smashed the plaintiff's face into the window, holding it there, saying, "I still couldn't feel it, but he has something." Id. Deputy Solcum then stuck his hand down the front of the plaintiff's underwear and touched the plaintiff's penis. Id. The plaintiff tried to get him to stop by bending his knees and telling Smith to stop. Id.

Lieutenant Turner then told the deputies to stop what they were doing, and that they had to follow a procedure to retrieve contraband from an inmate's underwear. Id. She left the area to call her supervisor. Id. at 6.

Once Lieutenant Turner left, Solcum said, "We can do this shit ourselves." Id. Deputy Carr then snatched the plaintiff's legs from underneath him, which caused him to be suspended in the air (because he was restrained to the door by the handcuffs and bullstrap). Id. Deputy D. Smith made another

4

grab at the plaintiff's genital area. Id. The plaintiff alleges that Turner "not only heard the commotion, but observed it happening through the big picture window." Id. Turner came running back, demanding to know what was going on; Carr told Turner to grab the plaintiff's leg. Turner initially complied, but within about a minute, said, "Stop!" Id. After instructing the others to stop, and to put the plaintiff on his feet, Turner reiterated that there was a protocol the deputies had to follow, and that she needed to hear from her supervisor. Id. She left the area again. The plaintiff alleges that once Turner was out of earshot, Solcum again reiterated that the deputies could do this on their own, but Smith responded that Turner had told them they needed to follow the policy. Id. at 7. When Turner returned, Solcum asked to speak to her outside the door; the plaintiff says that he heard Solcum ask Turner "if they could just go into [the plaintiff's] pants and get out whatever it is he's hiding." Id. at 7. Turner responded, "No, we have gone too far all ready [sic]." Id.

The plaintiff says that on the same day, a different deputy came and took photos of his injuries, and that the incident was captured on the institution security video. Id. at 8. An investigator also took down his statements; the plaintiff allowed the investigator access to his medical files. Id.

The plaintiff says that he suffered injuries to his wrist, face and testicles due to the force the defendants used against him. Id. at 8. He claims that the defendants used excessive force against him and that they violated his right to equal protection. Id. at 8-9. For relief, the plaintiff seeks monetary damages.

5

B. Analysis

A pretrial detainee who believes he has been subjected to successive force in violation of the Fourteenth Amendment must show that the defendant (a) purposefully or knowingly used force against him, and (b) that that force was objectively unreasonable. Kingsley v. Hendrickson, ___ U.S. ___, 135 S. Ct. 2466, 2472-73 (2015). The court finds that the plaintiff has alleged sufficient facts to allow him to proceed on a Fourteenth Amendment claim that D. Smith, Solcum, Carr and Zetting knowingly used force against him, and that that force was objectively unreasonable. The Fourteenth Amendment also protects pretrial detainees from cruel and unusual punishment. Smith v. Dart, 803 F.3d 304, 309 (7th Cir. 2015) (citing Kingsley, 135 S.Ct. at 2475). This means that jail staff may not "unnecessarily and wantonly inflict[] pain on inmates." Rivera v. Drake, 497 Fed. App'x 635, 637 (7th Cir. 2012). "In the context of searches of prisoners, only searches that are maliciously motivated, unrelated to institutional security, and lack a legitimate penological justification violate" the cruel and unusual punishment prohibition. Id. (citation omitted). The court finds that the plaintiff has alleged sufficient facts to allow him to proceed on a cruel and unusual punishment claim against Smith and Solcum, based on the manner in which they allegedly grabbed his testicles and touched his penis, respectively.

He may also proceed on a failure to intervene claim against Lieutenant Turner. See Fillmore v. Page, 358 F.3d 496, 505-06 (7th Cir. 2004). With regard to Turner, the law states that an official commits a constitutional violation if

she "acts or *fails* to act with a deliberate or reckless disregard of the plaintiff's constitutional rights." Fillmore v. Page, 358 F.3d 496, 506 (7th Cir. 2004) (quoting Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982)). The plaintiff has alleged sufficient facts to allow him to proceed on a claim that Turner was aware that the other defendants were violating the plaintiff's constitutional rights, but did not take sufficient action to stop them.

The plaintiff alleges that the defendants denied him equal protection of the law. Dkt. No. 1 at 9. The court will not allow him to proceed on an equal protection claim, because the plaintiff has not stated facts to show that the defendants discriminated against him based on his membership in a protected class. See Brown v. Budz, 398 F.3d 904, 916 (7th Cir. 2005). He has not alleged that the defendants treated him this way because of his race, or his gender, or his age, or his ethnic background, or his religious practices. Without such allegations, the plaintiff may not proceed on an equal protection claim.

Finally, the court has not yet addressed the first defendant the plaintiff named—former Sheriff David Clarke. The court will not allow the plaintiff to proceed against Clarke, because he doesn't allege that Sheriff Clarke had any personal involvement in the incident. See Burks v. Raemisch, 555 F.3d 592, 595-96 (7th Cir. 2009) ("public employees are responsible for their own misdeeds but not for anyone else's"). The court will dismiss Clarke as a defendant.

Finally, the court notes that the plaintiff has enquired about why the court took so long to screen his complaint. The court has no excuse—only an

explanation. The court's docket is heavy, and the district is short one judge, which has caused this particular judge to fall behind on her case load. The court hopes this order will help move the plaintiff's case forward.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 5.

The court **DISMISSES** defendant David Clarke.

The court **ORDERS** that under the informal service agreement between Milwaukee County and this court, copies of plaintiff's complaint and this order are being electronically sent to Milwaukee County for service on the Milwaukee County defendants, and the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $332.83 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number assigned. If the plaintiff is transferred to another institution— county, state or federal—the transferring institution shall forward a copy of this order, along with plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the warden of Green Bay Correctional Institution.

The court **ORDERS** that the parties shall not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that, under the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. If the plaintiff is no longer incarcerated at a Prisoner E-Filing institution, the court will require him to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The court advises the plaintiff that if he does not file documents by the deadlines that the court sets, the court may dismiss his case for failure to prosecute.

The parties shall notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, which could affect the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 13th day of June, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**