UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO MARQUES SMITH,

            Plaintiff,

v.                                         Case No. 17-cv-668-pp

KERRY TURNER, *et al.*,

            Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING THE FILING FEE (DKT. NO. 53) AND ORDERING WARDEN AT GREEN BAY CORRECTIONAL INSTITUTION AND/OR WARDEN AT WISCONSIN SECURE PROGRAM FACILITY TO DISREGARD DECEMBER 19, 2019 LETTER FROM CLERK OF COURT**

On September 30, 2019, the court issued an order dismissing this case. Dkt. No. 42. The plaintiff filed a notice of appeal on November 1, 2019. Dkt. No. 44. He did not, however, file a motion for leave to appeal without prepaying the appellate filing fee. On December 19, 2019, the Seventh Circuit Court of Appeals dismissed the appeal for the plaintiff's failure to pay the full filing fee. Dkt. No. 49. On January 13, 2020, the plaintiff wrote to the court of appeals explaining that, because he is representing himself, he was waiting for direction from the Seventh Circuit on how to proceed. Dkt. No. 51 at 2. He also explained that he could not afford to pay the full filing fee and asked the court to vacate its order requiring him to pay the full filing fee. Id. at 3. The plaintiff subsequently filed a motion for leave to proceed with his appeal without prepaying the appellate filing fee. Dkt. No. 53.

The Seventh Circuit construed the plaintiff's January 13, 2020 letter as a motion to recall the mandate and granted it. Dkt. No. 52. The court vacated

its final order dated December 19, 2019 and recalled the mandate. Id. It also reinstated the appeal and directed this court to consider the motion to proceed on appeal *in forma pauperis.* Id.

On December 19, 2019, as a result of the Seventh Circuit's order, the clerk of this court sent a letter to the warden at Green Bay Correctional Institution, where the plaintiff was confined, erroneously indicating that the Seventh Circuit had ordered the plaintiff to pay the full $505 filing fee. Dkt. No. 50. That is not what the Seventh Circuit ordered—it ordered *this* court to rule on the plaintiff's motion to proceed without prepaying the fee. As of February 13, 2020, the court is not aware of the institution having sent any payments. The court will send a copy of this order to the warden at Green Bay, instructing him to disregard the December 19, 2019 letter from the clerk's office. The Wisconsin Department of Corrections' offender locator indicates that the plaintiff is now residing at the Wisconsin Secure Program Facility, https://appsdoc.wi.gov/lop/detail.do, so the court also will send a copy of this order to the Warden there.

Under the Prison Litigation Reform Act, a prisoner must pay the applicable filing fees in full for a civil case. 28 U.S.C. §1915(b). If a prisoner does not have the money to pay the $505 filing fee in advance for an appeal, he can ask the court for permission to proceed without prepayment. For the court to consider such a request, the prisoner must complete a petition and affidavit and return it to the court, along with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. 28 U.S.C. §1915(a)(2). The court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period

immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. §1915(b)(1).

After the prisoner pays the initial fee, he must make monthly payments of twenty percent of the preceding month's income until he pays the filing fee in full. 28 U.S.C. §1915(b)(2). The agency that has custody of the prisoner will collect the money and send payments to the court.

There are three grounds for denying a prisoner appellant's request to proceed without prepaying the filing fee: the prisoner has not shown that he is indigent, the prisoner filed the appeal in bad faith or the prisoner has three strikes. See 28 U.S.C. §§1915(a)(2)-(3), (g). In this case, the court finds that the plaintiff has established he is indigent and that he has not accrued three strikes. That leaves only the question of whether the plaintiff filed this appeal in good faith.

If a district court allowed a party to proceed without prepaying the filing fee at the trial level, that party may proceed without prepaying the filing fee on appeal without further authorization, unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed without prepaying the fee. Fed. R. App. P. 24(a). See also Celske v. Edwards, 164 F.3d 396, 398 (7th Cir. 1999) (". . . a plaintiff who . . . was allowed to proceed *in forma pauperis* in the district court retains his IFP status in the court of appeals unless there is a certification of bad faith.").

A district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders

3

v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

The court does not find any indication that the plaintiff did not take this appeal in good faith. The court will grant his motion to proceed on appeal without prepaying the filing fee.

The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. A review of this information reveals that the plaintiff must pay an initial partial filing fee of $34.13, and then must pay the balance of the filing fee through deductions from his inmate account as required by 28 U.S.C. §1915(b)(2). Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997), rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000).

The court **ORDERS** that the Warden at Green Bay Correctional Institution and/or the Warden at the Wisconsin Secure Program Facility must disregard the December 19, 2019 letter from the clerk of court for the district court in which the clerk indicated that the Seventh Circuit had ordered the plaintiff to pay the full $505 filing fee.

The court **GRANTS** the plaintiff's motion for leave to proceed on appeal without prepaying the filing fee. Dkt. No. 53.

The court **ORDERS** that by the end of the day on **March 25, 2020**, the plaintiff shall forward to the Clerk of Court the sum of $34.13 as the initial partial filing fee for this appeal. If the clerk does not receive that amount by the

4

end of the thirtieth day, the court of appeals may dismiss the appeal. The plaintiff shall identify the payment by the case name and number.

The court **ORDERS** that after the plaintiff has paid the initial partial filing fee, the agency having custody of the plaintiff shall collect from his institution trust account the $470.87 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another institution—county, state or federal—the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will provide a copy of this order to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, through the court's electronic case filing system.

Dated in Milwaukee, Wisconsin this 24th day of February, 2020.

                                    **BY THE COURT:**

                                    **HON. PAMELA PEPPER**
                                    **Chief United States District Judge**